**CHRISTOPHER J. LANGLEY (SBN 258851)**
SHIODA LANGLEY & CHANG, LLP
1063 E. Las Tunas Dr.
San Gabriel, California 91776
Ph: (714) 515-5656
Email: Chris@slclawoffice.com
*Associated Bankruptcy Counsel*

**DAVID K. COMPTON (SBN 215961)**
92 Corporate Park, Suite C-220
Irvine, California 92606
Ph: (714) 545-2455
Email: dcomptonlaw@earthlink.net

Attorneys for Creditor,
JUDGMENT RECOVERY ASSISTANCE, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA- RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>ROBERT VERNON HILL, JR.,<br><br>Debtor.<br><br>______________________________<br><br>JUDGMENT RECOVERY ASSISTANCE, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT VERNON HILL, JR., an individual doing business as Zachaery Advisory Group,<br><br>Defendant. | Case No.: 6:25-bk-10653-RB<br><br>**Chapter 7**<br><br>Adversary Case No.:<br><br>**COMPLAINT FOR**<br>**(1) DETERMINATION OF NON-DISCHARGEABILITY OF DEBT**<br>**(2) OBJECTION TO DISCHARGE**<br><br>[Pursuant to 11 U.S.C. §523 and 11 U.S.C. §727] |

Plaintiff, JUDGMENT RECOVERY ASSISTANCE, LLC ("Plaintiff") hereby brings this Complaint and alleges as follows:

## JURISDICTION AND VENUE

1. This adversary proceeding is filed pursuant to Federal Rules of Bankruptcy Procedure ("FRBP") rule 7001(4)&(6) (a proceeding to object to or revoke a discharge & a proceeding to determine dischargeability of a debt), FRBP rule 4004, *et seq.*(grant or denial of discharge), FRBP rule 4007, *et seq.* (determination of dischareability), 11 U.S.C. §523(a)(2) and 11 U.S.C. §727(a)(3) and 11 U.S.C. §727(a)(4).

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157 and 28 U.S.C. §1334 as this matter arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court for the Central District of California, Riverside Division, entitled *In re Robert Vernon Hill, Jr.,* Chapter 7 Case No. 6:25-bk-10653.

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) (matters concerning the administration of the estate) and 28 U.S.C. §157(b)(2)(J) (objection to discharge).

4. Venue is proper pursuant to 28 U.S.C. §1409 as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this District.

5. The original Deadline for objecting to discharge was May 12, 2025. However, the deadline for Plaintiff to file a complaint pursuant to 11 U.S.C. §§523 & 727 was extended through July 7, 2025 pursuant to Court order dated May 12, 2025. [DOC 42].

6. Effective May 22, 2025, Chapter 7 Case No. 6:25-bk-10653, along with Hon. Judge Mark D. Houle's Riverside Division Caseload, was reassigned to Hon. Judge Magdalena Reyes Bordeaux.

## PARTIES

7. Plaintiff, JUDGMENT RECOVERY ASSISTANCE, LLC, a California limited liability company ("Plaintiff" or "Creditor"), is the assignee of record and rightful holder of a claim against the debtor defendant, ROBERT VERNON HILL, JR., an individual doing business as Zachaery Advisory Group, who is also known as Robert Hill ("Defendant" or "Debtor"), arising from a civil judgment entered on May 18, 2007 in the California State Court Case, *Chadwick v. Hill*; OCSC Case No. 06CC07192, in favor of the original judgment creditors,

Dennis Chadwick ("Mr. Chadwick"), an individual, and his company Global Plastics Consultants, Inc., a Nevada corporation ("Global Plastics"), in the amount of $1,181,576.00, and later renewed on March 13, 2017, in the amount of $2,332,204.99 ("Judgment"). On or about June 19, 2012, the Judgment was assigned to Plaintiff by the original judgment creditors. The current balance of the Judgment is approximately $4,264,540.99, with accrued interest at 10% per annum.

8. Defendant, ROBERT VERNON HILL, JR., an individual doing business as Zachary Advisory Group, who is also known as Robert Hill, is the filing Debtor in the underlying Chapter 7 Bankruptcy Case No. 6:25-bk-10653.

## GENERAL FACTS AND ALLEGATIONS

9. Defendant ROBERT VERNON HILL, JR., currently owns and operates a business known as Zachary Advisory Group, a sole proprietorship which provides tax, corporate, accounting and bookkeeping services to various clients. Previously, Defendant owned and operated the business known as The Zachary Advisory Group, Inc, a suspended California corporation, as well as Butler Aspen & Associates, Inc., a suspended California corporation.

10. In August 2001, Dennis Chadwick first retained the services of Defendant to form Global Plastics Consultants, Inc., and thereafter, engaged Defendant to provide personal and business tax services, including consulting on tax liabilities, negotiating and paying tax obligations, and handling all payroll responsibilities for the company.

11. In October 2003, Mr. Chadwick executed a Power of Attorney in favor of Defendant.

12. From 2001 through 2005, Defendant made the following false representations to Mr. Chadwick to induce Mr. Chadwick to pay Defendant money:

a. Defendant was a licensed accountant qualified to resolve Mr. Chadwick's tax liabilities;

b. Mr. Chadwick should make all tax liability payments to Defendant, who would then forward all those tax liability payments to the appropriate tax authority.

13. In fact, Defendant was not a licensed accountant, and held no specialized licenses.

14. In fact, Defendant did not resolve Mr. Chadwick's tax issues. Rather, Defendants

services resulted in hundreds of thousands of dollars in additional tax liabilities and penalties.

15. In fact, Mr. Chadwick relied upon Defendant's false representations, paid Defendant money that was supposed to pay for tax liabilities, but Defendant made none of the tax liability payments to the appropriate tax authority. Rather, Defendant unlawfully kept all of Mr. Chadwick's tax liability payments for Defendant's own use and benefit, thus creating additional tax liabilities, penalties and interest for Mr. Chadwick and his business.

16. As a result of Defendant's false representations and wrongful conduct, Mr. Chadwick and Global Plastics were damaged in the sum of $1,015,964.30, for the following:

a. $167,551.18 for monies paid by Mr. Chadwick to Defendant for estimated quarterly income tax payments owed, which Defendant defalcated, embezzled and wrongfully converted to Defendant's own use and benefit, thus creating additional tax liabilities, penalties and interest;
b. $69,714.16 for monies paid to Defendant for accounting services that were never completed or were completed improperly;
c. $300,000.00 - business tax liabilities, penalties and interest for 2001-2003;
d. $251,498.00 - personal income tax liabilities for 2001-2003;
e. $50,299.60 - personal income tax penalties for 2001-2003;
f. $56,901.42 - interest due on the personal income tax liability for 2001-2003;
g. $40,000.00 - personal tax liability for corporate payment of personal expenses;
h. $50,000.00 - capital gains tax liability related to a real property sale Defendant incorrectly consulted on;
i. $30,000.00 - monies paid to a CPA to redo tax returns improperly prepared by Defendant.

17. On or about November 7, 2006, Mr. Chadwick filed a First Amended Complaint against Defendant for Damages alleging Fraud and Deceit, Conversion, Conspiracy, Fraudulent Transfer, Common Law Fraudulent Transfer, Money Had and Received, and Breach of Fiduciary Duty ("Fraud Complaint"). A true and accurate copy of the Fraud Complaint is attached hereto as **Exhibit A**.

18. Thereafter, the Fraud Complaint was served upon Defendant, who failed to respond. On or about May 18, 2007, a money Judgment was entered against Defendant and his company, Zachary Advisory Group, Inc.

19. On or about June 19, 2012, the Judgment was assigned to Plaintiff.

20. On or about March 3, 2017, Plaintiff was assigned all rights to Defendant's income payments received from named clientele, by Court order pursuant to California Code of Civil

Procedure section 708.510. Defendant failed to comply with the Court's assignment order.

21. On or about March 13, 2017, the Judgment was renewed by Plaintiff. A true and accurate copy of the original Judgment, as well as the renewed Judgment, is collectively attached hereto as **Exhibit B**.

22. On or about May 25, 2023, Plaintiff recorded an Abstract of Judgment in the County of Riverside, California.

23. On or about July 12, 2023, Plaintiff filed a fraudulent transfer action against Defendant and his fiancé, Darin Alchear, and their companies, Butler Aspen and Associates, Inc. and Alchaer and Associates Incorporated, related to the scheduled property located in Wrightwood, California, in the State Court for the County of San Bernardino, entitled *Judgment Recovery Assistance, LLC v. Hill; Alchaer, et. al*,; SBSC Case No. CIVSB2315543. The case is currently pending while stayed.

24. On or about February 4, 2025, Defendant filed for bankruptcy protection; *In re Robert Vernon Hill, Jr.,* Chapter 7 Case No. 6:25-bk-10653, filing Schedules [DOC 1], and later filing Amended Schedules [DOC 19]. Based upon information and belief, Defendant knowingly filed false Schedules that include the following errors and omissions:

a. Failure to schedule the Orange County and San Bernardino lawsuits;
b. Erroneously scheduling the Wrightwood property as his sole asset, and failure to state the true owner, Darren Alchaer, an insider, who is Defendant's girlfriend and/or finance;
c. Erroneously including the Thunder Gulch property as his sole asset, and failure to state the co-owner, Emily Williams, an interested party, who is Defendant's former longtime girlfriend;
d. Failure to schedule certain corporations owned by Defendant within the last Four years, including Butler Aspen and Associates, Inc., Sourcing Health LLC and 81655 Thunder Gulch LLC;
e. Failure to schedule Social Security benefits, gambling winnings, and child support obligations.

25. On or about February 10, 2025, Plaintiff filed and served Defendant with a Request for Copy of Debtor's Tax Return pursuant to 11 U.S.C. 521(e)(2)(A)(ii). To date, Defendant has failed to comply or produce any tax returns.

**FIRST CLAIM FOR RELIEF**
**[Non-Dischargeability, 11 U.S.C. 523(a)(2)(A); False Pretenses, False Representation or Actual Fraud]**

26. Plaintiff hereby refers to and incorporates by reference paragraphs 1 through 25, and re-alleges these paragraphs as though fully set forth herein.

27. Defendant, ROBERT VERNON HILL, JR., is indebted to Plaintiff in the sum of $2,332,204.99, together with post judgment interest accruing and court costs incurred from March 13, 2017, as a result of a civil judgment based on fraud. The current balance of this Judgment is approximately $4,264,540.99.

28. The above debt resulting from a civil Judgment based upon false pretenses, false representation or actual fraud is non-dischargeable pursuant to 11 U.S.C. §523(a)(2) of the Bankruptcy Code.

29. The Bankruptcy Court has an obligation to afford "full faith and credit" to the State Court Judgment pursuant to 28 U.S.C. §1738.

30. Defendant obtained "money, property, services, or an extension, renewal, or refinancing of credit" from a creditor by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. §523(a)(2)(A).

31. Defendant made false representations, acted under false pretenses, and committed actual fraud to obtain money from Mr. Chadwick for Defendant's own use and benefit.

32. Defendant represented to Mr. Chadwick that he was a licensed accountant, qualified to resolve Mr. Chadwick's tax liabilities, and further represented that all tax liability payments should be made directly to Defendant, who would then forward all tax liability payments to the appropriate tax authority. In fact, Defendant was not licensed or qualified, and made none of the tax liability payments to the appropriate tax authority. Rather, Defendant kept all of Mr. Chadwick's tax liability payments for Defendant's own business and personal use.

33. Plaintiff is informed and believes and thereon alleges that at the time Defendant made the false representations to Mr. Chadwick, to induce payment of money, Defendant knew those representations were in fact false, and Defendant acted with utter recklessness under a

totality of the circumstances, and in fact created more tax liability for Mr. Chadwick as a result.

34. Plaintiff is informed and believes and thereon alleges that Defendant's misrepresentations were made with the specific intent to deceive and induce reliance thereon in order to obtain money from Mr. Chadwick under false pretenses.

35. Plaintiff is informed and believes and thereon alleges that Defendant obtained an a Power of Attorney from Mr. Chadwick under false pretenses, to further perpetrate the fraud.

36. Mr. Chadwick justifiably relied upon Defendant's misrepresentations by paying Defendant a total of $237,265.34, of which $167,551.18 was for monies paid by Mr. Chadwick to Defendant for estimated quarterly income tax payments owed, which Defendant defalcated, embezzled and wrongfully converted to Defendant's own use and benefit, thus creating additional tax liabilities, penalties and interest for Mr. Chadwick and Global Plastics.

37. As a proximate result of Defendant's misrepresentations, Mr. Chadwick was damaged, not only for the $237,265.34 paid to Defendant, but for damages totaling $1,015,964.30 in additional liabilities, penalties, interest charges, and other charges incurred as a direct result of Defendant's fraudulent, wrongful and deceitful conduct.

38. Defendant now seeks a discharge of this debt resulting from the Judgment based upon fraud. If Defendant receives a discharge, Plaintiff will be further damaged thereby.

39. Plaintiff prays for a determination that the debt resulting from the Judgment based upon fraud, totaling approximately $4,264,540.99, is non-dischargeable.

**SECOND CLAIM FOR RELIEF**

**[Non-Dischargeability, 11 U.S.C. 523(a)(4); Fiduciary Fraud or Defalcation, Embezzlement]**

40. Plaintiff hereby refers to and incorporates by reference paragraphs 1 through 39, and re-alleges these paragraphs as though fully set forth herein.

41. Defendant, ROBERT VERNON HILL, JR., is indebted to Plaintiff in the sum of $2,332,204.99, together with post judgment interest accruing and court costs incurred from March 13, 2017, as a result of a civil judgment based on fraud. The current balance of this Judgment is approximately $4,264,540.99.

42. The above debt resulted from a civil Judgment "for fraud or defalcation while

acting in a fiduciary capacity, embezzlement, or larceny," is non-dischargeable pursuant to 11 U.S.C. §523(a)(4).

43. The Bankruptcy Court has an obligation to afford "full faith and credit" to the State Court Judgment pursuant to 28 U.S.C. §1738.

44. Defendant, defalcated and embezzled money belonging to Mr. Chadwick, while acting in a fiduciary capacity created by a Power of Attorney that Defendant had obtained from Mr. Chadwick through false pretenses.

45. Defendant now seeks a discharge of this debt resulting from the Judgment for fraud or defalcation while acting in a fiduciary capacity and embezzlement. If Defendant receives a discharge, Plaintiff will be further damaged thereby.

46. Plaintiff prays for a determination that the debt resulting from the Judgment based upon fraud or defalcation while acting as a fiduciary or embezzlement, totaling approximately $4,264,540.99, is non-dischargeable.

**THIRD CLAIM FOR RELIEF**
**[Non-Dischareability, 11 U.S.C. 523(a)(6); Willful and Malicious Injury]**

47. Plaintiff hereby refers to and incorporates by reference paragraphs 1 through 46, and re-alleges these paragraphs as though fully set forth herein.

48. Defendant, ROBERT VERNON HILL, JR. is indebted to Plaintiff in the sum of $2,332,204.99, together with post judgment interest accruing and court costs incurred from March 13, 2017, as a result of a civil judgment based on fraud. The current balance of this Judgment is approximately $4,264,540.99.

49. The above debt resulting from a civil Judgment "for willful and malicious injury by the debtor to another entity or to the property of another entity," is non-dischargeable pursuant to 11 U.S.C. §523(a)(6).

50. The Bankruptcy Court has an obligation to afford "full faith and credit" to the State Court Judgment pursuant to 28 U.S.C. §1738.

51. Defendant, deliberately, intentionally and wrongfully converted money that had been entrusted to him by Mr. Chadwick for the use and benefit of Mr. Chadwick and Global

Plastics, for Defendant's own personal and business use and benefit.

52. Defendant now seeks a discharge of this debt resulting from the Judgment based upon willful and malicious injury to another entity or the property of another entity. If Defendant receives a discharge, Plaintiff will be further damaged thereby.

53. Plaintiff prays for a determination that the debt resulting from the Judgment based upon willful and malicious injury to another entity or the property of another entity, totaling approximately $4,264,540.99, is non-dischargeable.

**FOURTH CLAIM FOR RELIEF**
**[Objection to Discharge, 11 U.S.C. 727(a)(3)]; Unjustified Failure to Keep Proper Records]**

54. Plaintiff hereby refers to and incorporates by reference paragraphs 1 through 53.

55. Plaintiff is informed and believes and on that basis alleges that Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained.

56. Debtor has failed to maintain records related to his personal and business income and financial affairs in this case, making it impossible for creditors, including Plaintiff, to ascertain the Debtor's financial condition or business transactions.

57. Debtor's failure to maintain records was not justified based upon a totality of the circumstances of this case.

58. Based upon Debtors' actions stated above, the Debtors' discharge should be denied pursuant to 11 U.S.C. 727(a)(3).

**FIFTH CLAIM FOR RELIEF**
**[Objection to Discharge, 11 U.S.C. 727(a)(4); False Oath or Claim]**

59. Plaintiff hereby refers to and incorporates by reference paragraphs 1 through 58, and re-alleges these paragraphs as though fully set forth herein.

60. Plaintiff is informed and believes and on that basis alleges that Debtors knowingly and fraudulently, in or in connection with the case:

a. Made a false oath or account;

b. Presented or used a false claim;

c. Gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property; or advantage, for acting or forbearing to act; or

d. Withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

61. Plaintiff is informed and believes and on that basis alleges Debtor, in reporting his personal and business income and financial affairs in this case, has knowingly submitted information under oath and affirmed that information while under oath, which was false.

62. Plaintiff is informed and believes and on that basis alleges that Debtor knowingly withheld from the Trustee documents and records relating to his personal and business income, property and financial affairs.

63. The purpose of 11 U.S.C. 727(a)(4) "is to make certain that those who seek the shelter of the bankruptcy code do not play fast and loose with their assets or with the reality of their affairs." *In re Tully,* 818 F.2d 106, 110 (1987) "Neither the trustee nor the creditors should be required to engage in a laborious tug-of-war to drag the simple truth into the glare of daylight." *In re Tabibian,* 289 F.2d 793, 797 (2d Cir. 1961).

64. Based upon Debtor's fraudulent and deceitful actions stated above, the Debtor's discharge should be denied pursuant to 11 U.S.C. 727(a)(4).

**SIXTH CLAIM FOR RELIEF**
**[Objection to Discharge, 11 U.S.C. 727(a)(5); Failure to Explain Losses]**

65. Plaintiff hereby refers to and incorporates by reference paragraphs 1 through 64.

66. Plaintiff is informed and believes and on that basis alleges that Debtor has failed to explain satisfactorily, before determination of denial of discharge, the loss of his assets or deficiency of his assets to meet Debtor's liabilities.

67. Debtor has failed to explain satisfactorily, the deficiency of his income, the loss of his interest in real property assets, his scheduled tax liabilities and his scheduled sources of income, making it impossible for creditor's, including Plaintiff, to ascertain the debtors' financial condition or business transactions.

68. Debtor's failure to adequately explain his financial affairs was not justified based upon a totality of the circumstances of this case.

69. Based upon Debtor's actions stated above, the Debtor's discharge should be denied pursuant to 11 U.S.C. 727(a)(5).

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

FOR THE FIRST, SECOND AND THIRD CLAIMS FOR RELIEF:

a. For a determination that the debt pursuant to Judgment for approximately $4,264,540.99, is non-dischargeable.

b. For a judgment in the Bankruptcy court awarding Plaintiff damages against the Defendant in the amount of the Judgment, which is approximately $4,264,540.99.

c. For a determination that the amount awarded to Plaintiff in this matter be adjudged non-dischargeable in this Chapter 7 proceeding, and any subsequent bankruptcy proceedings that may be filed by Defendant, including but not limited to any conversion of this case to another chapter.

FOR THE FOURTH, FIFTH AND SIXTH CLAIMS FOR RELIEF:

d. For a ruling denying the discharge of the Debtor.

FOR ALL CLAIMS FOR RELIEF:

e. For reasonable court costs and applicable attorney fees;

f. For such other and further relief as the Court may deem just and proper.

DATED: July 3, 2025

By: /s/Christopher J. Langley ____________________
CHRISTOPHER J. LANGLEY
Attorney for Plaintiff
JUDGMENT RECOVERY ASSISTANCE, LLC

# EXHIBIT A

BURKHALTER, MICHAELS, KESSLER & GEORGE LLP
Daniel J. Kessler, Esq., Bar No. 173710
Michael Oberbeck, Esq., Bar No. 186718
Zachary R. Smith, Esq., Bar No. 220410
2020 Main Street, Suite 600
Irvine, California 92614
Telephone: (949) 975-7500
Facsimile: (949) 975-7501

Attorneys for Plaintiffs Dennis Chadwick and
Global Plastics Consultants, Inc.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

NOV 07 2006

ALAN SLATER, Clerk of the Court
BY M. SAMELA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

DENNIS CHADWICK, an individual; and GLOBAL PLASTICS CONSULTANTS, INC., a Nevada corporation,

Plaintiff,

vs.

ROBERT HILL, an individual; THE ZACHARY ADVISORY GROUP, INC., a California corporation; HSD, INC., a California corporation; and CARLOS ADRIANZEN, an individual; and DOES 1 through 50, inclusive,

Defendants.

CASE NO.: 06CC07192

Assigned For All Purposes To:
Judge: Daniel J. Didier
Department: C13 C-15

**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**

1. **FRAUD AND DECIET;**
2. **CONVERSION;**
3. **CONSPIRACY;**
4. **FRAUDULENT TRANSFER [CCP § 3439.04(b)(2)];**
5. **COMMON LAW FRAUDULENT TRANSFER;**
6. **MONEY HAD AND RECEIVED; AND**
7. **BREACH OF FIDUCIARY DUTY.**

Complaint Filed: June 16, 2006
Trial Date: None

**DEMAND FOR JURY TRIAL**

## PRELIMINARY ALLEGATIONS

1. Plaintiff Dennis Chadwick ("Chadwick") is an individual residing in the City of Coto de Caza, County of Orange, State of California.

2. At all times relevant hereto, Plaintiff Global Plastics Consultants, Inc. ("Global") was and is a corporation organized under the laws of the State of Nevada, with its principal place of business in the City of Anaheim, in the County of Orange, State of California. Global and Chadwick are collectively referred to herein as "Plaintiffs."

3. Plaintiffs are informed and believe, and based thereon allege, that at all times relevant hereto Defendant Robert Hill ("Defendant" or "Hill") was and is an individual residing in the City of Laguna Hills, County of Orange, State of California.

4. Plaintiffs are informed and believe, and based thereon allege, that at all times relevant hereto Defendant HSD, Inc. ("Defendant" or "HSD") was and is a corporation organized under the laws of the State of California with its principal place of business in the City of Newport Beach, County of Orange, State of California.

5. Plaintiffs are informed and believe, and based thereon allege, that at all times relevant hereto Defendant Zachary Advisory Group, Inc. ("Defendant" or "ZAG") was and is a corporation organized under the laws of the State of California with its principal place of business in the City of Laguna Hills, County of Orange, State of California. At all times relevant hereto, Hill was the agent for, and acted on behalf of, ZAG.

6. Plaintiffs is informed and believes, and based thereon alleges, that at all times relevant hereto, Hill was the alter-egos of ZAG; that Hill did dominate, influence and have control over ZAG, that the individuality and separateness of Hill and ZAG was non-existent; that ZAG was a

mere shell and naked framework with which Hill used and still use to conduct his business affairs; that ZAG was inadequately capitalized; and that an injustice and fraud upon Plaintiffs will result if the theoretical separateness of Hill and ZAG is not disregarded and each such Defendant held liable for all relief being sought herein.

7. Plaintiffs are informed and believe, and based thereon allege, that at all times relevant hereto Defendant Carlos Adrianzen ("Defendant" or "Adrianzen") was and is an individual residing in the County of Orange, State of California.

8. Defendants Does 1 through 50 are sued pursuant to the provisions of California Code of Civil Procedure § 474. Plaintiffs are unaware of the true names and identities of these Defendants, and therefore, sue them by such fictitious names. Plaintiffs are informed and believe, and based thereon allege, that each such fictitious Defendant is in some manner responsible for, or participated in, or contributed to, the matters and things of which Plaintiffs complain herein, and have legal responsibilities therefore. When the exact nature and identity of each such fictitious Defendant is ascertained by Plaintiffs, Plaintiffs will amend this Complaint. Any reference herein to "Defendant" or "Defendants" includes Does 1 through 50, and each of them.

9. Plaintiffs are informed and believe, and based thereon allege, that at all times relevant hereto each of the Defendants acted as the agent or employee of each of the other Defendants and did all things alleged herein within the scope and course of such agency or employment. Furthermore, Plaintiffs are informed and believe, and based thereon allege, that each Defendant, in acting as described in this Complaint, authorized and ratified the actions of each of the other Defendants.

## GENERAL ALLEGATIONS

10. In or around August 2001, Chadwick retained the services of Defendant Hill to assist him with the incorporation of Global, a Nevada corporation that is in the business of providing consulting services to the plastics industry. At that time, and at all times relevant hereto, Hill represented to Chadwick and to Global that he was a licensed accountant, and that he had expertise and experience in providing tax and financial advice to corporations and business people.

11. Beginning in or around October 2003, Global retained Hill and ZAG as its tax consultants. As Global's tax consultants, Hill and ZAG were responsible for consulting with Global regarding its potential and actual tax liabilities, and negotiating and handling Global's tax payment to the IRS. Around the same time, Hill and ZAG assumed payroll responsibilities for Global.

12. Also in 2003, Chadwick executed a Power of Attorney in favor of Hill so that Hill could assist him with an audit of the Global books and records that had been initiated by the Internal Revenue Service.

13. The audit of the Global books and records has not been completed. However, upon its completion, Global will face payroll tax liability, payroll tax penalties, and payroll tax interest. Plaintiffs are informed and believe, and based thereon allege, that the tax liabilities, penalties, and interest that will be charged by the IRS against Global will exceed **$300,000.00**. The estimated tax liability stems directly from Plaintiffs' reasonable reliance upon the tax advice provided by Hill and ZAG.

14. On or about August 165, 2006, the IRS sent a Notice of Deficiency to Chadwick summarizing the results of its audit of the tax returns that Hill and ZAG had prepared and submitted to the IRS on Chadwick's behalf. Therein, the IRS stated that Chadwick owed a total of **$358,699.02** or personal income tax liability, personal income tax penalties, and personal income tax interest for the

years 2001, 2002, and 2003, in the following amounts: (1) $251,498.00 in unpaid income taxes; (2) $50,299.60 in penalties; and (3) $56,901.42 in interest.

15. As is alleged more fully below, the potential tax liability of more than **$658,699.02** stems precisely from Plaintiffs' reasonable reliance upon the tax advice provided by Hill and ZAG. Moreover, Plaintiffs have had to retain the services of another accountant to redo every tax return filed on his behalf by Hill and ZAG. To date, Plaintiffs have incurred in excess of **$30,000.00** in fees and costs paid to the new accountant to review and repair the damage caused by Defendants' improper and negligent accounting advice and services.

16. In connection with Hill and ZAG purportedly providing accounting services to Plaintiffs, Plaintiffs made numerous payments to Hill and ZAG. At all times, Plaintiffs believed and understood that these payments were intended to be used for two purposes: (1) to pay Plaintiffs' tax liability payments to the IRS and other taxing agencies; and (2) to compensate ZAG and Hill for the tax consulting services they allegedly were providing to Plaintiffs. In sum, Plaintiffs paid ZAG and Hill **$167,551.18** for what they believed were tax liability payments and **$69,714.16** for what they believed were tax consulting services competently rendered by Hill and ZAG.

17. Many of Plaintiffs' payments made to Hill were endorsed by HSD and deposited into HSD accounts. Hill represented to Plaintiffs that HSD was a clearinghouse or holding company used by Hill to deposit his clients' funds that were to be later used for the respective client's tax payments. At the time HSD endorsed these payments to Hill and deposited the funds into its accounts, HSD knew, or should have known, that Plaintiffs made the payments to Hill believing that they would later be made to the IRS as tax liability payments.

18. In addition, during this time period, Plaintiffs made numerous payments to HSD directly pursuant to Hill's direction as Plaintiffs' tax and accounting consultant and believing HSD was simply a holding company, and that the funds we be used to pay Plaintiffs' tax liabilities.

19. Further, based upon the advice provided by Hill and ZAG, in or around April 2004, Plaintiffs purchased real estate in Las Vegas, Nevada, as an investment property. Hill specifically represented to Plaintiffs that he believed that the investment was a "good idea" and that Plaintiffs would not face any adverse tax consequences as a result of the purchase. Hill and ZAG further represented that Plaintiffs should purchase the property through Global, as the purchase would not constitute a taxable event.

20. Around the same time, Hill and ZAG represented to Plaintiffs that they had created a new entity, Global Plastics Trust, which was intended to be a holding company for Chadwick's assets and was designed to provide a tax shelter for Plaintiffs

21. Hill and ZAG advised Chadwick that his personal expenses, including the mortgage payments for the newly acquired property in Las Vegas and his car payments, should be passed through either Global Plastics Trust or Global, and that Chadwick should simply take a smaller salary to offset those payments. Chadwick has since learned that this advice was erroneous. Accordingly, Hill's erroneous advice subjected Chadwick to further tax liability in an amount exceeding **$40,000.00**.

22. Moreover, and based upon the advice of Hill and ZAG, Plaintiffs sold the investment property in Las Vegas at or around the end of 2004. Hill specifically represented to Chadwick that he would not face any capital gains tax liability from the proceeds of that sale. Although Chadwick made approximately $70,000.00 from the sale of that property, he has since been informed by the Internal Revenue Service that he does face capital gains taxes of approximately **$50,000.00** for that sale. Had Chadwick been informed that the sale of the property in 2004 would result in probable capital gains tax implications, he never would have sold it at that time.

23. In or around September 2005, Plaintiffs learned for the first time that none of the payments made to Defendants were made to the IRS, and that HSD was not a holding company but

rather was a driving school located in Newport Beach, CA. Plaintiffs have made numerous attempts to recover the funds paid to Defendants. However, Defendants have failed and refused to return any of said funds. Defendants embezzled, stole, and converted these funds from Plaintiffs for their own use and/or benefit. Moreover, Plaintiffs learned for the first time in or around September 2005 that Hill was not an accountant and did not hold any accounting licenses.

24. In sum, and as of the date of the filing of this First Amended Complaint, Plaintiffs have incurred the following damages as a direct and proximate cause of the wrongful, fraudulent, malicious and intentional acts of Defendants:

| **Amount** | **Description of Loss** |
|---|---|
| $300,000.00 | Estimated tax liabilities, penalties, and interest that will be charged by the IRS against Global for years 2001-2003. |
| $251,498.00 | Personal income tax liabilities owed by Chadwick to the IRS for years 2001-2003. |
| $50,299.60 | Personal income tax penalties owed by Chadwick to the IRS for years 2001-2003. |
| $56,901.42 | Interest on personal income tax owed by Chadwick to the IRS for years 2001-2003. |
| $30,000.00 | Monies paid to certified public accountant to review and redo all income tax returns prepared by Defendants for Plaintiffs for years 2001-2004. |
| $167.551.18 | Monies paid to Defendants for estimated quarterly income tax payments which were wrongfully converted to Defendants' own personal use and benefit. |
| $69,714.16 | Monies paid to Defendants for accounting services that were either never provided or which were negligently or improperly |

| | |
|---|---|
| | rendered, thereby causing at least one other category of damage stated herein. |
| $40,000.00 | Additional tax liability against Chadwick for reliance on Defendants' advice regarding Chadwick's personal payment of corporate expenses. |
| $50,000.00 | Estimated tax liability (capital gains tax) from Chadwick's reliance on Defendants' advice to sell real investment property at or around the end of 2004. |
| **$1,015,964.30** | **TOTAL DAMAGES CAUSED BY DEFENDANTS** |

## FIRST CAUSE OF ACTION

**(Fraud And Deceit - Fraudulent Misrepresentation, Suppression Of Fact, And Promise Without Intent To Perform Against All Defendants)**

25. Plaintiffs re-allege and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 24, inclusive.

26. Beginning in or around August 2001 and continuing throughout approximately September 2005, Hill, on behalf of himself and Defendant ZAG, made the following oral representations to Plaintiffs:

a. Hill and ZAG could and would provide consulting services to Plaintiffs with respect to federal and state tax issues;

b. Plaintiffs should make all tax liability payments directly to Hill and ZAG, who would then forward said payments to the appropriate government taxing agency;

c. HSD was a clearinghouse or holding company owned by Hill and/or ZAG which was used to hold in trust monies received from the clients of Hill and ZAG until such time as those monies would be channeled to the appropriate taxing agency;

d. Hill was a licensed accountant with sufficient experience as to be able to provide expert advice to Plaintiffs for all tax-related questions and issues; and

e. Hill and ZAG made deposits on Plaintiffs' behalf to the Internal Revenue Service and other taxing agencies for all tax liabilities incurred by Plaintiffs.

27. Within the three years prior to the filing of this Complaint herein, Plaintiffs learned for the first time that the representations made by Hill, on behalf of himself and ZAG, were in fact false and made by Hill knowing them to be false. The true facts are as follows:

a. The purported tax consulting services provided by Hill and ZAG to Global were inadequate, improper, lacked any expertise or familiarity with the applicable local, state, and federal tax codes;

b. Rather than minimize Plaintiffs' potential tax liability and exposure, the advice and consulting services provided by Hill and ZAG actually increased Plaintiffs' tax exposure;

c. Rather than forward payments made by Global to the appropriate taxing agencies, Hill and ZAG kept those funds;

d. HSD was not a holding company of Hill and ZAG, rather it was an entity unrelated to Hill;

e. Hill was not a certified accountant and held no accounting licenses; and

f. Plaintiffs have incurred thousands of dollars in hiring a new accountant to redo all tax returns previously prepared on their behalf by Hill and ZAG, and Plaintiffs face significant additional tax liability as a result of their justified reliance on Hill's and ZAG's advice.

28. The suppression of these issues was likely to mislead Plaintiffs, and did in fact mislead Plaintiffs in light of the other representations made by Defendants concerning the alleged services that were to be provided to Plaintiffs by Hill and ZAG.

29. In addition, based upon the representations made by Hill and ZAG on behalf of themselves and all Defendants, Plaintiffs gave to Hill and ZAG at least the sum of $237,265.34 over a 21 month period. Plaintiffs made these payments to Hill and ZAG with the understanding and belief that these monies would cover all of Plaintiffs' tax liabilities, as well as pay for the expert tax advice and services that Hill and ZAG repeatedly touted.

30. At the time that Hill and ZAG made the representations to Plaintiffs, and during each and every time that Hill and ZAG accepted payment from Plaintiffs, Hill and ZAG were not qualified to provide the services they had promised to Plaintiffs, Hill and ZAG had no intention of providing the services they had promised to Plaintiffs, and Hill and ZAG had no intention of forwarding any of the payments made by Plaintiffs to the appropriate and respective taxing agencies.

31. The promises made by Hill and ZAG were made with the intent to induce Plaintiffs to pay them money relating to the tax consulting and advisory services purportedly being rendered. In reliance on the promises of Hill and ZAG and the other Defendants, Plaintiffs transferred at least the sum of $237,265.34to Defendants under the reasonable belief that Defendants would forward said monies to the appropriate federal, state, local, or municipal taxing agency and that those payments were for accounting services properly rendered by Defendants. If Plaintiffs had known of

the actual intentions of Defendants, Plaintiffs would not have taken such action. To date, Defendants have failed and refused to repay Plaintiffs any of the sums transferred to them.

32. The misrepresentations, suppression of facts, and false promise alleged herein were made by Defendants with the intent to induce Plaintiffs to act in the manner herein alleged in reliance thereon.

33. At the time the misrepresentations, suppression of facts, and false promise were made and at the time Plaintiffs made payments to Defendants in accordance with their agreement as agreement alleged herein, Plaintiffs did not know the true facts to be those alleged hereinabove, but believed Defendants' representations and promises to be true and reasonably relied on them. Plaintiffs' reliance on Defendants' representations and promises was justified because: (1) Defendants deceitfully gained Plaintiffs' trust and confidence through a scheme which included false statements, concealment, and tactics in order to "shake down" and take advantage of Plaintiffs; (2) Defendants affirmatively lied to Plaintiffs; and (3) Plaintiffs could not, in the exercise of reasonable diligence under the circumstances, have discovered Defendants' misrepresentations.

34. Plaintiffs began to discover the true facts to be those alleged in Paragraph 22 in or around September 2005, when Plaintiffs received Notices of Tax Deficiencies from the Internal Revenue Service and the California Franchise Tax Board. Had Plaintiffs known of the true facts and of Defendants' actual intentions, Plaintiffs would not have entered into any agreement with Defendants, nor would Plaintiffs have paid any monies to Defendants.

35. As a proximate result of the fraud and deceit of Defendants, and each of them, and the facts herein alleged, Plaintiffs have suffered, and will continue to suffer, economic losses in an amount according to proof at trial, but which is estimated to be in excess of **$1,015,964.30**.

36. The aforementioned conduct of Defendants was an intentional misrepresentation, deceit, concealment of a material fact, and promise without intent to perform with the intention on the part of Defendants of thereby depriving Plaintiffs of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiffs to a cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages.

**SECOND CAUSE OF ACTION**

**(Conversion Against All Defendants)**

37. Plaintiffs re-allege and incorporate herein by reference each and every allegation set forth in Paragraphs 1 through 24 and 26 through 36, inclusive.

38. As alleged above, in or around January 2004, Plaintiffs retained Hill as a tax and accounting consultant for Plaintiffs' business. During the period of his employment as Plaintiffs' consultant, Hill, for the purpose of inducing Plaintiffs to write checks to Hill and HSD, falsely and fraudulently represented to Plaintiffs that: (1) HSD was a clearinghouse or holding company used by Hill to deposit his clients' funds that were to be later used for the respective client's tax liability payments; and (2) payments made to Hill and/or HSD would be used to pay Plaintiffs' tax liability.

39. The representations were in fact false, and Defendants knew of their falsity. The true facts were that: (1) HSD was not a clearinghouse holding company for the deposit of funds, but, rather, was a driving school located in Newport Beach, CA; (2) Defendants intended to, and in fact did, embezzle, convert, and steal Plaintiffs' funds for their own use and/or benefit.

40. Plaintiffs justifiably relied on Hill's representations and starting in or about January 2004 and up to September 2005, made numerous payments to Hill and HSD.

41. Rather than transfer the monies paid by Plaintiffs to the appropriate taxing authorities, Defendants converted, embezzled and retained those monies for their own use and/or benefit.

42. As a proximate result of Defendants' conversion, Plaintiffs have suffered injuries which are the natural, reasonable, and proximate results of the conversion in the sum of at least $237,265.34.

43. Defendants' acts alleged above were willful, wanton, malicious, oppressive, and were undertaken with the intent to defraud, and, accordingly, justify the awarding of exemplary and punitive damages.

44. At the time Defendants converted the property, Defendants were guilty of malice, oppression, and a willful and conscious disregard for the rights of Plaintiffs in that Defendants, without making any investigation and with reckless indifference and willful and conscious disregard for the rights of any person who may have had an interest in the converted property, and particularly for the rights of Plaintiffs, did convert the property.

45. Further, after knowledge and notice of Plaintiffs' interest in the converted property was given to Defendants, Defendants failed and refused, and continues to fail and refuse, to return the property. By reason of these acts, Plaintiffs have been oppressed and seeks punitive and exemplary damages.

**THIRD CAUSE OF ACTION**

**(Conspiracy Against All Defendants)**

46. Plaintiffs re-allege and incorporate herein by reference each and every allegation set forth in Paragraphs 1 through 24, 26 through 36, and 38 through 45, inclusive.

47. Beginning in or around 2001, Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to engage in a course of conduct designed to embezzle, convert, and steal Plaintiffs' money for their own use and/or benefit. Defendants' conduct in furtherance of this conspiracy includes, but is not limited to: (1) misrepresenting to Plaintiffs that the money paid to Defendants would be used to pay Plaintiffs' taxes; (2) misrepresenting to Plaintiffs that HSD was a holding company for such funds; (3) endorsing checks made payable to Hill to HSD and depositing them into HSD accounts; (4) converting Plaintiffs' funds for Defendants' own use and/or benefit; and (5) failing and refusing to return said funds.

48. Plaintiffs are informed and believe, and based thereon allege that the last overt act taken by Defendants in furtherance of the conspiracy is conversion of Plaintiffs' funds.

49. As a proximate result of the fraud and deceit of Defendants, and each of them, and the facts herein alleged, Plaintiffs have suffered, and will continue to suffer, economic losses in an amount according to proof at trial, but which is in excess of the minimum jurisdiction of this Court.

50. The aforementioned conduct of the Defendants was an intentional misrepresentation, deceit, or concealment of a material facts known to the Defendants with the intention on the part of Defendants of thereby depriving Plaintiffs of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiffs to a cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages.

## FOURTH CAUSE OF ACTION

**(Fraudulent Transfer In Violation Of The Uniform Fraudulent Transfer Act - Against Defendants HSD and Adrianzen)**

51. Plaintiffs re-allege and incorporate herein by reference each and every

allegation set forth in Paragraphs 1 through 24, 26 through 36, 38 through 45, and 47 through 50, inclusive.

52. At all times mentioned herein, Plaintiffs have been the holder of certain claims against Hill and ZAG, as set forth more fully above. The claims are based on Hill's and ZAG's conversion of funds from Plaintiffs while serving as tax consultant and tax advisor for Plaintiffs.

53. Plaintiffs are informed and believe, and based thereon allege, that within the past four years Hill and ZAG transferred converted funds to HSD and Adrianzen.

54. Plaintiffs are informed and believe and based thereon allege, that at the time Hill and ZAG made the aforementioned transfers, they intended, or believed, or reasonably should have believed, that they would thereafter incur debts which would be beyond their ability to pay as they became due.

55. Plaintiffs are informed and believe and based thereon allege that Hill and ZAG did not receive anything in exchange for the transfers of sums of money to HSD and Adrianzen. Plaintiffs are informed and believe, and based thereon allege, that Hill and ZAG did not receive reasonably equivalent value in exchange for such transfers of funds.

56. Plaintiffs are informed and believe, and based thereon allege, that Defendants acted as alleged herein with knowledge that they intended to, believed, or reasonably should have believed that they would thereafter incur debts which would be beyond their ability to pay as they became due and with knowledge that Hill and ZAG did not receive reasonably equivalent value in exchange for the sums of money transferred to HSD and Adrianzen.

57. As a proximate result of Defendants' fraudulent transfers, Plaintiffs have been damaged in an amount to be proven at trial and in excess of the jurisdictional minimum of this Court.

**FIFTH CAUSE OF ACTION**

**(Common Law Fraudulent Transfer Against Defendants)**

58. Plaintiffs re-allege and incorporate herein by reference each and every allegation set forth in Paragraphs 1 through 24, 26 through 36, 38 through 45, 47 through 50, and 52 through 57, inclusive.

59. At all times mentioned herein, Plaintiffs are the holder of certain claims against Hill and ZAG, as set forth more fully above. The claims are based on Hill's and ZAG's conversion of funds from Plaintiffs while serving as tax consultant and tax advisor for Plaintiffs.

60. Plaintiffs are informed and believe, and based thereon allege, that within the past four years Hill and ZAG transferred converted funds to HSD and Adrianzen.

61. Plaintiffs are informed and believe, and based thereon allege, that at the time Hill and ZAG made the aforementioned transfers, they intended, or believed, or reasonably should have believed, that they would thereafter incur debts which would be beyond their ability to pay as they became due.

62. Plaintiffs are informed and believe, and based thereon allege, that Hill and ZAG did not receive anything in exchange for the transfers of sums of money to HSD and Adrianzen. Plaintiffs are informed and believe, and based thereon allege, that Hill and ZAG did not receive reasonably equivalent value in exchange for such transfers of funds.

63. Plaintiffs are informed and believe, and based thereon allege, that Defendants acted as alleged herein with knowledge that they intended to, believed, or reasonably should have believed that they would thereafter incur debts which would be beyond their ability to pay as they

became due and with knowledge that Hill and ZAG did not receive reasonably equivalent value in exchange for the sums of money transferred to HSD and Adrianzen.

64. As a proximate result of Defendants' fraudulent transfers, Plaintiffs have been damaged in an amount to be proven at trial and in excess of the jurisdictional minimum of this Court.

**SIXTH CAUSE OF ACTION**

**(Money Had And Received Against All Defendants)**

65. Plaintiffs re-allege and incorporate herein by reference each and every allegation set forth in Paragraphs 1 through 24 , 26 through 36, 38 through 45, 47 through 50, 52 through 57, and 59 through 64, inclusive.

66. Within the last two years, Defendants have become indebted to Plaintiffs in the sum of not less than $237,265.34 for money had and received by Defendants.

67. No part of said sum has been paid, although demand therefore has been made, and there is now due, owing and unpaid to Plaintiffs, the sum of not less than $237,265.34, together with interest thereon at the rate of ten percent (10%) per annum from the time the monies became due.

**SEVENTH CAUSE OF ACTION**

**(Breach Of Fiduciary Duty Against Hill And Does 1 Through 20)**

68. Plaintiffs re-allege and incorporate herein by reference each and every allegation set forth in Paragraphs 1 through 24, 26 through 36, 38 through 45, 47 through 50, 52 through 57, 59 through 64, and 66 and 67, inclusive.

69. As more thoroughly alleged above, Plaintiffs retained Hill, and Hill agreed to act, as Plaintiffs' tax and accounting consultant. Moreover, Chadwick executed a power of attorney in favor of Hill such that Hill could act on his behalf in connection with a 2003 audit conducted by the Internal Revenue Service of tax returns prepared by Hill and ZAG for Plaintiffs. As Plaintiffs' tax and accounting consultant and attorney-in-fact, Hill stood in a special relationship with Plaintiffs as Plaintiffs' fiduciary.

70. As more thoroughly alleged above, Plaintiffs are informed and believe, and based thereon allege, that Hill engaged in a pattern of conduct, together with all other Defendants, in breach of his fiduciary duty to Plaintiffs to defraud Plaintiffs and convert Plaintiffs' money his own use and/or benefit. As more thoroughly alleged above, Hill, along with all other Defendants, has breached that fiduciary duty by, among other things: 1) misrepresenting to Plaintiffs that the money paid to Defendants would be used to pay Plaintiffs' taxes; (2) misrepresenting to Plaintiffs that HSD was a holding company for such funds; (3) endorsing checks made payable to Hill to HSD and depositing them into HSD accounts; (4) converting Plaintiffs' funds for Defendants' own use and/or benefit; (5) failing and refusing to return said funds; and (6) misrepresenting to Plaintiffs that Hill was a licensed accountant.

71. By intentionally engaging in the aforementioned conduct, Hill has breached the fiduciary duty of care to Plaintiffs.

72. As a proximate result of Hill's breach of his duty of care to Plaintiffs, Plaintiffs have suffered damage according to proof at the time of trial, but believed to be in excess of $1,015,964.30.

73. In doing the things herein alleged, Hill acted willfully and with the intent to cause injury to Plaintiffs. Hill was therefore guilty of malice and/or oppression and/or fraud in

conscious disregard of Plaintiffs' rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish Hill and deter others from engaging in similar misconduct.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants as follows:

On The First Cause Of Action:

1. For an award of general damages according to proof but in an amount in excess of $1,015,964.30; and
2. For an award of punitive damages according to proof.

On The Second Cause Of Action:

1. For an award of general damages according to proof; and
2. For an award of punitive damages according to proof.

On The Third Cause Of Action:

1. For an award of general damages according to proof; and
2. For an award of punitive damages according to proof.

On The Fourth Cause Of Action:

1. That the transfer of monies, in an amount in excess of $11,270.65 from Hill and/or ZAG to Adrianzen and/or HSD be set aside and declared void as to Plaintiffs herein to the extent necessary to satisfy Plaintiffs' claims;
2. That the monies in the hands of Adrianzen and HSD be attached in accordance with the provisions of Sections 481.010 through 493.060 of the Code of Civil Procedure;
3. That the judgment herein be declared a lien on the interest transferred;
4. That an order be made declaring that Adrianzen and HSD hold no less than $11,270.65 in trust for Plaintiffs; and

5. That Adrianzen and HSD be required to account to Plaintiffs for all monies transferred to them by Hill and/or ZAG, and for any proceeds given in exchange for the transfer of $11,270.65 as described above.

On The Fifth Cause Of Action:

1. That the $11,270.65 transfer of monies from Hill and/or ZAG to Adrianzen and/or HSD be set aside and declared void as to Plaintiffs herein to the extent necessary to satisfy Plaintiffs' claims;

2. That the $11,270.65 in the hands of Adrianzen and HSD be attached in accordance with the provisions of Sections 481.010 through 493.060 of the Code of Civil Procedure;

3. That the judgment herein be declared a lien on the interest transferred;

4. That an order be made declaring that Adrianzen and HSD hold no less than $11,270.65 in trust for Plaintiffs; and

5. That Adrianzen and HSD be required to account to Plaintiffs for all monies transferred to them by Hill and/or ZAG, and for any proceeds given in exchange for the transfer of $11,270.65 as described above.

On The Sixth Cause Of Action:

1. For an award of general damages according to proof, but in an amount in excess of $1,015,964.30.

On The Seventh Cause Of Action:

1. For an award of general damages according to proof but in an amount in excess of $1,015,964.30; and

2. For an award of punitive damages according to proof.

On All Causes Of Action:

1. For costs of suit herein incurred;
2. For attorneys' fees; and
3. For such further relief as the Court may deem proper.
4.

DATED: November 6, 2006

BURKHALTER, MICHAELS, KESSLER & GEORGE LLP

By: ______________________

Daniel J. Kessler, Esq.
Michael Oberbeck, Esq.
Zachary R. Smith, Esq.
Attorneys for Plaintiffs Dennis Chadwick and Global Plastics Consultants, Inc.

# EXHIBIT B

BMKG LAWYERS LLP
Daniel J. Kessler, Esq. (SBN 173710)
Michael Oberbeck, Esq. (SBN 186718)
Zachary R. Smith, Esq. (SBN 220410)
2020 Main Street, Suite 600
Irvine, California 92614
Telephone: (949) 975-7500
Facsimile: (949) 975-7501

Attorneys for Plaintiffs,
Dennis Chadwick and Global Plastics Consultants, Inc.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAY 18 2007

ALAN SLATER, Clerk of the Court
BY G. HERNANDEZ

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| DENNIS CHADWICK, an individual; and GLOBAL PLASTICS CONSULTANTS, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT HILL, an individual; THE ZACHARY ADVISORY GROUP, INC., a California corporation; ~~HSD, INC., a California corporation; and CARLOS ADRIANZEN, an individual; and DOES 1 through 50, inclusive,~~<br><br>Defendants. | CASE NO. 06CC07192<br><br>Assigned For All Purposes To:<br>Judge: Daniel J. Didier<br>Department: C15<br><br>[~~PROPOSED~~] JUDGMENT<br><br>Complaint Filed: June 16, 2006<br>Trial Date: June 18, 2007 |

EXHIBIT H

The Honorable Daniel J. Didier having reviewed all papers submitted by Plaintiffs Dennis Chadwick and Global Plastics Consultants, Inc. in Support of their Request for Default Judgment by Court against Defendants Robert Hill and Zachary Advisory Group, Inc., and having reviewed all Court records and papers in connection with this matter, and no appearances having been made, the Court rules as follows:

It appearing that Defendants Robert Hill and Zachary Advisory Group, Inc., having been regularly served with process, having failed to appear and answer Plaintiffs' Complaint filed herein, and the Default of these Defendants having been duly entered; upon application of Plaintiffs to the Court, and Declarations and evidence, including Declarations and papers, under California Code of Civil Procedure section 585(d), in lieu of testimony, having been considered,

**IT IS SO ORDERED**, that Plaintiffs have and recover Judgment from Defendants Robert Hill and Zachary Advisory Group, Inc., a California corporation:

1. In the principal sum of $1,015,964.00, plus interest thereon at the rate of ten (10%) percent per annum in the sum of $278.34 per day from September 30, 2005, to the date hereof in the amount of $165,612.30, for a total sum of $1,181,576.00; and

2. Interest on the Judgment as provided by law.

The Clerk is ordered to enter the Judgment.

DATED: 5/18/07

JUDGE OF THE SUPERIOR COURT
DANIEL J. DIDIER

**EJ-190**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number)*:
After recording, return to: 284378
Janet A. Nicholson
Attorney at Law
92 Corporate Park, Suite C-220
Irvine, CA 92606
TEL NO.: 714/545-2455 FAX NO. *(optional)*: 714/545-2449
E-MAIL ADDRESS *(Optional)*:
[X] ATTORNEY FOR [ ] JUDGMENT CREDITOR [X] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Dr., West
MAILING ADDRESS: XxXxxxXxxxxxXxxx
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

FOR RECORDER'S USE ONLY

PLAINTIFF: Dennis Chadwick, an individual and Global Plastics Consultants, Inc., a Nevada corporation
DEFENDANT: Robert Hill, an individual; The Zachary Advisory Group, Inc., a California corporation

CASE NUMBER: 06CC07192

## APPLICATION FOR AND RENEWAL OF JUDGMENT

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**03/13/2017** at 03:15:00 PM
Clerk of the Superior Court
By Anh Dang,Deputy Clerk

[ ] Judgment creditor
[X] Assignee of record
applies for renewal of the judgment as follows:

1. Applicant *(name and address)*:
   Judgment Recovery Assistance, LLC
   92 Corporate Park, Suite C-220
   Irvine, CA 92606
2. Judgment debtor *(name and last known address)*:
   Robert Hill
   153 Sable
   Rancho Santa Margarita, CA 92688

   The Zachary Advisory Group, Inc.,
   a California corporation
   153 Sable
   Rancho Santa Margarita, CA 92688
3. Original judgment
   a. Case number *(specify)*: 06CC07192
   b. Entered on *(date)*: 5/18/2007
   c. Recorded:
      (1) Date:
      (2) County:
      (3) Instrument No.:
4. [ ] Judgment previously renewed *(specify each case number and date)*:

5. [X] Renewal of money judgment

| | | |
|---|---|---|
| a. | Total judgment | $ 1,181,576.00 |
| b. | Costs after judgment | $ 8,807.92 |
| c. | Subtotal *(add a and b)* | $ 1,190,383.92 |
| d. | Credits after judgment | $ 3,881.53 |
| e. | Subtotal *(subtract d from c)* | $ 1,186,502.39 |
| f. | Interest after judgment | $ 1,145,672.60 |
| g. | Fee for filing renewal application | $ 30.00 |
| h. | **Total renewed judgment** *(add e, f, and g)* | $ 2,332,204.99 |

   i. [ ] The amounts called for in items a-h are different for each debtor. These amounts are stated for each debtor on Attachment 5.

EJ-195

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Janet A. Nicholson<br>284378<br>Attorney at Law<br>92 Corporate Park, Suite C-220<br>Irvine, CA 92606 | 714/545-2450<br>714/545-2449 | |
| ATTORNEY FOR *(Name)*: Assignee of Record | | |
| NAME OF COURT: Superior Court of California, Orange<br>STREET ADDRESS: 700 Civic Center Dr., West<br>MAILING ADDRESS: XXXXXXXXXXXXX<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Central Justice Center | | |
| PLAINTIFF: Dennis Chadwick, an individual and Global Plastics Consultants, Inc., a Nevada corporation<br>DEFENDANT: Robert Hill, an individual; The Zachary Advisory Group, Inc., a California corporation | | |
| **NOTICE OF RENEWAL OF JUDGMENT** | | CASE NUMBER:<br>06CC07192 |

TO JUDGMENT DEBTOR *(name)*:

Robert Hill
153 Sable
Rancho Santa Margarita, CA 92688

The Zachary Advisory Group, Inc.,
a California corporation
153 Sable
Rancho Santa Margarita, CA 92688

1. **This renewal extends** the period of enforceability of the judgment until 10 years from the date the application for renewal was filed.
2. **If you object** to this renewal, you may make a motion to vacate or modify the renewal with this court.
3. You must make this motion within **30 days** after service of this notice on you.
4. A copy of the *Application for and Renewal of Judgment* is attached *(Cal. Rules of Court, rule 3.1900)*.

Date: 3/14/17

Clerk, by ______________________, Deputy
David H. Yamasaki, Clerk of the Court
A. DANG

[SEAL]




See CCP 683.160 for information on method of service



Form Adopted for Mandatory Use
Judicial Council of California
EJ-195 [Rev. January 1, 2007]
Martin Dean's ESSENTIAL FORMS™

**NOTICE OF RENEWAL OF JUDGMENT**

Code of Civil Procedure, § 683.160
www.courtinfo.ca.gov

JRA

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| CHRISTOPHER J. LANGLEY (SBN 258851)<br>SHIODA LANGLEY & CHANG, LLP<br>1063 E. Las Tunas Dr.<br>San Gabriel, California 91776<br>Ph: (714) 515-5656<br>Email: Chris@slclawoffice.com<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>ROBERT VERNON HILL, JR.,<br><br>Debtor(s). | CASE NO.: 6:25-bk-10653 RB<br>CHAPTER: 7<br>ADVERSARY NO.: |
| JUDGMENT RECOVERY ASSISTANCE, LLC, a California limited liability company,<br><br>Plaintiff(s)<br>Versus<br><br>ROBERT VERNON HILL, JR., an individual doing business as Zachaery Advisory Group,<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____________. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Hearing Date:** _____________<br>**Time:** ________<br>**Courtroom:** ________ | **Address:**<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____________

By: ________________________________________
Deputy Clerk

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

______________________________________________

______________________________________________

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _______________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. SERVED BY UNITED STATES MAIL:
On (*date*) _______________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |